D. M. & M. M. BADGER *v.* R. S. TAFT AND E. J. SHAW.

*Mandamus. Chancellor.* R. L. s. 713. *Costs. Foreclosure of Mortgage.*

Under the statute—R. L. s. 713,—a chancellor has authority to require a defendant to furnish security for costs, whenever the defence consists of an affirmative claim in avoidance of the orator's demand; as when the defence in a foreclosure proceeding is a payment of the mortgage debt.

PETITION for *mandamus* to compel a chancellor to vacate an order made by him on a defendant to furnish security for costs that might be decreed against him in a proceeding to foreclose a mortgage.

It appeared that the defendant Shaw had brought a petition to the Court of Chancery, for the County of Windsor, to foreclose a mortgage on land in Hartland, against D. M. & M. M. Badger; that the said Badgers had filed an answer, setting up therein payment as a defence; and that the defendant Taft, the chancellor holding the Court of Chancery, made an order that each party to the foreclosure proceeding should "furnish $50 bail in sixty days."

*Gilbert A. Davis,* for the petitioners.

*G. W. Wales,* for the defendant Taft.

*Wm. Batchelder,* for the defendants.

The opinion of the court was delivered by

VEAZEY, J. One question in this case is whether a chancellor has authority by sec. 713 of the Revised Laws, to require a defendant in a chancery cause to furnish security for costs that may be decreed against him. That section reads as follows: "Such court may when necessary

require of either party sufficient security for the costs of prosecution." The authority is denied by counsel on the ground that the term "prosecution" does not apply to a defence. It is not ordinarily so applied, but it should be made so to apply if such was the legislative intent in this section of the statutes. The enactment constituting a Court of Chancery in this State was passed in 1797, in which it was provided that the chancellors "may, on motion, require of any plaintiff or plaintiffs sufficient security for costs of prosecution." Another act in addition thereto was passed in 1802, providing (sec. 2), "That the said Court of Chancery, on motion of either the plaintiff or defendant, are hereby required to demand of the party or parties, as the case may be, sufficient security for costs of prosecution, whenever the court shall judge the same necessary."

In the revision of the statutes of 1840 the said provision of 1802 was put substantially into the form in which it now stands in the Revised Laws.

The clause, "may require of either party," clearly indicates an intention to confer authority to call upon the defendant for security for costs; otherwise effect cannot be given to the term "either party." It is not improbable but that the word "prosecution" was retained by inadvertence when the change in the statute took place. The change came by amendment, and for an inapt term to be retained by oversight is not unusual. The word is inapt, in legal use and popular sense, when applied to a defence, but not entirely so in its derivative sense, when the defence consists of an affirmative counter claim, like payment. The rule is familiar that force shall be given to all the words of a statute, if possible. In order to give force to the words "either party," as well as to the word "prosecution," it becomes necessary to construe the latter word in the broader sense suggested. With that construction of the section such an enactment would not seem to be unwise or improper, because defences are sometimes attempted where

Badger *v.* Taft.

it would be just to compel the defendant to give security for costs, and as much so as for the complainant. The statute is not mandatory, but merely confers discretionary power. It is no more arbitrary, indeed less, than many of the inherent powers of the Court of Chancery. It has some analogy in the statute providing that a defendant in an appeal from a justice of the peace shall enter bail for costs.

It is not sufficient to say that the term " either party " was intended to apply to a defendant only when he becomes complainant in a cross-cause, because the statute, as first passed in 1797, would meet that condition without the subsequent amendment. A cross-bill, though treated as a defence in some respects, is an independent cause, and the complainant stands therein in that relation solely.

We think that under this statute a chancellor may in his discretion require of the defendant security for costs whenever the defence is more than a denial and consists of an affirmative claim in avoidance of the orator's demand. It is a power to be exercised with caution as in case of all discretionary power. The defence of payment to a foreclosure petition comes within the above rule. This view renders it unnecessary to pass on the question whether mandamus would be a proper remedy if the statute bore the opposite construction.

Whether a chancellor might exercise the same discretion against a defendant when the defence is only a denial, is a question we do not pass upon. We go only to the extent stated, as being all that a decision of this case calls for.

The petition is dismissed with costs.